Whitaker, Judge,
dissenting.
I dissent for the reasons stated in the case of Francis S. Appleby, et al. v. United States, No. 50155, this day decided.
*118 FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner Eichard H. Akers, and the briefs and argument of counsel, makes findings of fact as follows:
1. The plaintiff is a resident of New York City. On March 14, 1945, he filed an individual income tax return for 1944 disclosing an income tax liability of $20,542.11 on account of which he paid $24,000 in quarterly installments during 1944. In 1946 the Commissioner of Internal Eevenue refunded to the plaintiff $3,457.89, which represented the difference between the tax theretofore paid for 1944 ($24,000) and the tax liability as shown on the return ($20,542.11).
2. Pursuant to an audit of the income tax return for 1944, the Commissioner assessed a deficiency of $5,233.90 in 1947 which the plaintiff paid on August 28,1947, thus making the total net tax liability paid for 1944 $25,776,01.
3. On March 6, 1947, the plaintiff filed his individual income tax return for the calendar year 1946 showing a net loss of $23,348.32, with an excess of non-business deductions over non-business income in the amount of $5,142.52. The reduced net loss for 1946 was $18,205.80.
4. On September 9,1947, the plaintiff filed a timely claim for refund for the calendar year 1944 in the amount of $12,695.77, plus interest, based upon the following grounds:
In 1946, the taxpayer incurred a net operating loss of approximately $18,205.80. His net operating loss carry-back for 1944 was approximately $18,205.80. His net operating loss deduction for 1944 was approximately $18,205.80. The taxpayer is entitled to a refund because of the overpayment of his 1944 income tax attributable to his said net operating loss carry-back.
On November 28, 1950, the Commissioner formally disallowed the foregoing claim for refund.
5. The plaintiff, in 1946, individually owned and operated and managed two parcels of commercial property, one being two lots on 42nd Street, and the other being a six-story apartment building on 128th Street, both located in the City of New York.
*119 6. The plaintiff also owned a 50 percent' interest in and operated and managed with his brother, Francis S. Appleby, seven parcels of realty, each of substantial size and value and each located in the City of New York: (1) a garage building on 58th Street; (2) another garage building on 63rd Street; (3) a parcel on 67th Street; (4) a building on 66th Street; (5) the Tremont Theatre; (6) a garage building on Claremont Parkway; and (7) an apartment building on Pitt Street. These seven parcels had an assessed value of $512,000.
7. The plaintiff also owned a 25 percent interest in and operated and managed with his brother, Francis S. Appleby, parcels constituting four city blocks in the City of New York: (1) the entire block bounded by 58th and 57th Streets on the north and south and by 11th and 12th Avenues on the east and west; (2) two-thirds of the block bounded by 57th and 56th Streets on the north and south and by 11th and 12th Avenues on the east and west; (3) the entire block bounded by 41st and 40th Streets on the north and south and by 11th and 12th Avenues on the east and west; and (4) two-thirds of the block bounded by 40th and 39th Streets on the north and south and by 11th and 12th Avenues on the east and west. The tenants in these commercial properties included the General Motors Corporation, the Pennsylvania Railroad, General Tire & Rubber Company, Goodyear Tire Company, United Parcel Service and the New York Butchers Dressed Meat Corporation. This property had an assessed value of $3,825,000.
8. The plaintiff also owned a 25 percent interest in and operated and managed with his brother, Francis S. Appleby, a loft building on Church Street, in the City of New York, and substantial acreage with tenants at Glen Cove, Long Island. The worth of these properties was approximately $296,000.
9. The plaintiff also owned 25 percent of the stock of Central Park Realty Corporation, was President of that corporation, and operated and managed with his brother, Francis S. Appleby, all the affairs of that corporation, including the following real property located in the City of New York: (1) a garage building on 58th Street; (2) an unimproved lot *120 and an adjacent apartment building on 59th Street; (3) a restaurant building on 59th Street; (4) a roller skating rink and stores on Broadway; and (5) a light manufacturing building on 38th Street. These parcels of real estate had an assessed value of $1,750,000. ,
10. The plaintiff therefore owned interests varying from 25 to 100 percent in numerous, extensive and valuable parcels of real property located principally in the City of New York with a total approximate value of $6,500,000. He devoted his entire time to the management of these properties. He and his brother, Francis S. Appleby, took full and active charge personally of all phases of the properties’ operation, the other co-owners leaving the operation entirely to them.
The plaintiff and his brother, Francis S. Appleby, had inherited substantially all of their interests in the properties referred to above from their father who died in 1936. These properties were held and retained by or for the plaintiff, his brother, and other members of the Appleby family for the primary purpose of obtaining rental income therefrom. Only occasional sales of any of the properties were made during the period from 1936 to 1946, inclusive, and the sales which were made, were made because the properties had been unprofitable to operate and the parties decided to dispose of them as a part of prudent management of the properties.
Edgar T. Appleby regularly carried on the business of managing and operating real property for rental income at all times material herein.
11. The plaintiff and his brother, Francis S. Appleby, collected gross rentals of approximately $360,000 during 1946 from the properties described in the preceding findings and for the same year paid real estate taxes thereon of approximately $100,000. The operation and management of these properties over the years of ownership by the plaintiff and his brother included making repairs to buildings, rehabilitating properties such as where they tore down a theater and erected a new building, and renovating buildings as in the case of the old 10th Avenue apartment building. In performing the foregoing work, they hired architects, negotiated with builders and drew contracts. In addition, they negotiated and prepared leases, including in some cases long- *121 term leases affecting the properties. All of the properties were held for rental purposes and the plaintiff and his brother performed the duties of rental agents in connection therewith. In the performance of their work, they maintained an office and employed a secretary for typing and filing. In only two instances were agents employed to collect rents and the amounts collected by these agents represented less than one percent of the entire gross income.
12. During 1946 five of the parcels in which the plaintiff had an interest, as heretofore described, were sold with a resulting aggregate net loss to the plaintiff of $65,929.16. In his individual income tax return for 1946, the plaintiff reported this loss of $65,929.16 under Schedule D-2 as a net loss from the sale or exchange of property other than capital assets.
13. The sales of the five parcels in 1946 did not result in the liquidation or termination of the plaintiff’s business except to the extent that the properties sold were no longer available for rentals. The five parcels sold had become unprofitable to operate as rental properties and they were disposed of for that reason. While the funds received from the sales were not reinvested in real properties, they provided funds for use in the business, including liquid assets, to keep the rest of the property in good condition.
CONCLUSION OF LAW
Upon the foregoing findings of fact which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and the petition is dismissed.